CLAUDIE W. LASSITER AND WIFE, SYLVIA P. LASSITER; ANNE L. EMORY AND HUSBAND, EUGENE W. EMORY; MAY L. COLLIER AND HUSBAND, ROBERT L. COLLIER; AND GREY L. BRISTOW AND HUSBAND, I. W. BRISTOW, PETITIONERS v. MILLARD E. LASSITER AND WIFE, AGNES L. LASSITER, MARSH CHEVROLET COMPANY, CARGOCARE TRANSPORTATION, INC., OLIN MATHIESON, ELIZABETH F. FUTRELLE, EXECUTRIX OF THE ESTATE OF W. C. FUTRELLE, GILLIAM BROTHERS PEANUT SHELLER, INC., FARMERS COTTON OIL CO., PLANTERS INDUSTRIES, INC., AND F. S. ROYSTER GUANO COMPANY, (NOW ROYSTER COMPANY), DEFENDANTS

No. 726SC536

(Filed 2 August 1972)

Descent and Distribution § 13— advancement — partition proceeding
     In an action to have real property partitioned among tenants in common and to have the interest of one tenant charged with advancements, there was sufficient competent evidence to support the trial court's finding of fact that sums of money given to the tenant were advancements. G.S. 29-24.

APPEAL by Elizabeth F. Futrelle, Executrix of the Estate of W. C. Futrelle, Farmers Cotton Oil Company and Royster

Company, Defendants from *Special Judge Robert M. Martin,* 1 November 1971 Session of Superior Court held in NORTHAMP-TON County.

Plaintiffs instituted this action to have real property partitioned among tenants in common and to require that the interest of one of the tenants in common, Defendant Millard E. Lassiter, be charged with advancements received from Eugene Lassiter, the father of the tenants in common who had died intestate. All of the defendants, with the exception of Millard Lassiter and his wife, are judgment creditors of Millard E. Lassiter and in their separate anwers each denied that any sums of money passing from Eugene Lassiter to Millard Lassiter, prior to the former's death, were advancements. Trial by jury was waived. The parties stipulated that the only issue for determination was whether advancements amounting to $13,000.00, or any lesser sum, had been made to Millard E. Lassiter by his father. The judge found as a fact that Millard E. Lassiter had received advancements totaling $13,000.00. Defendant Millard E. Lassiter did not appeal. The appellants are judgment creditors of Millard E. Lassiter.

*Cherry, Cherry and Flythe by Joseph J. Flythe for plaintiff appellees.*

*Lucas, Rand, Rose, Meyer, Jones & Orcutt by William R. Rand and Connor, Lee, Connor & Reece by David M. Connor for defendant appellants.*

VAUGHN, Judge.

The questions presented by this appeal, which we answer in the affirmative, are whether there was sufficient, competent evidence to support the trial court's findings of fact and whether the findings of fact support the conclusions of law.

"A gratuitous inter vivos transfer is presumed to be an absolute gift and not an advancement unless shown to be an advancement." G.S. 29-24. Plaintiffs offered evidence by way of testimony from Claudie W. Lassiter, administrator of the estate of Eugene Lassiter and brother of Millard E. Lassiter, testimony from Millard E. Lassiter, and an affidavit made by Millard E. Lassiter, all tending to show that the sum of $13,000.00 received by Millard E. Lassiter from his father was an advancement. Negotiated checks totaling that amount were

found in the father's safe after his death. The sum was treated as an advancement in the settlement of the father's estate prior to the institution of this action. Defendants offered no evidence. We hold this evidence to support the court's findings of fact that Millard E. Lassiter received advancements totaling $13,000.00. Defendants' other assignments of error have been considered and are overruled.

Affirmed.

Judges PARKER and GRAHAM concur.